# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| AMANDA TEMPLE and<br>JOHN TEMPLE, husband and wife, of<br>Birch Harbor, Maine,<br><br>          Plaintiff<br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, as Trustee for HIS Asset<br>Securitization Corporation Trust<br>2006-OPTI Mortgage Pass-Through<br>Certificates, Series 2006-OPT1, a<br>foreign corporation doing business in the<br>State of Maine,<br><br>and<br><br>OCWEN LOAN SERVICING, LLC., a<br>foreign corporation doing business in<br>the State of Maine<br><br>          Defendant | Civil Action Docket No._____ |

## AMENDED COMPLAINT AND JURY TRIAL DEMAND

Plaintiffs Amanda Temple and John Temple, through their attorneys, Lanham Blackwell & Baber, submit the following complaint against Defendant Deutsche Bank National Trust Company, as Trustee for HIS Asset Securitization Corporation Trust 2006-OPTI Mortgage Pass-Through Certificates, Series 2006-OPT1 and Ocwen Loan Servicing, LLC.

## INTRODUCTION

This is an action for actual, compensatory, statutory, and punitive damages brought by Amanda and John Temple (the "Plaintiffs"), as consumers, against Defendant Deutsche Bank National Trust Company, as Trustee for HIS Asset Securitization Corporation Trust 2006-OPTI Mortgage Pass-Through Certificates, Series 2006-OPT1 ("Deutsche Bank") and

1

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), for violations of the Bankruptcy Discharge Injunction pursuant to 11 U.S.C. § 524, the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* and the Maine Fair Debt Collection Practices Act, 32 M.R.S.A. §§11001 *et seq.* (collectively, the "FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Venue is proper here pursuant to 28 U.S.C. § 1391, as Plaintiffs are residents of Hancock County, Maine, all relevant events giving rise to Plaintiffs' claims occurred in this District, and Defendants were doing business in Maine during all relevant times.

## PARTIES

3. Plaintiffs Amanda and John Temple, a married couple, live in Birch Harbor, Maine.

4. Defendant Deutsche Bank National Trust Company, as Trustee for HIS Asset Securitization Corporation Trust 2006-OPTI Mortgage Pass-Through Certificates, Series 2006-OPT1 is a foreign corporation that purports to be the current holder of a note and mortgage signed by Plaintiffs.

5. Defendant Ocwen is a limited liability corporation organized under the laws of Delaware, with a principal place of business in Florida.

6. Defendant Ocwen's sole member is Ocwen Financial Corporation, a publicly traded Florida corporation.

7. Upon information and belief, Defendant Ocwen acquired servicing of Plaintiff's mortgage loan held by Defendant Deutsche Bank when the loan was in default.

8. Defendant Ocwen engages in the business of collecting debts in the State of Maine.

9. Defendant Ocwen regularly engages in the enforcement of security interests

securing debts.

10. Defendant Ocwen engages in the collection of debts using the mails and/or the telephone, and Defendant Ocwen regularly attempts to collect debts alleged to be due to another, in this instance as servicing agent for Defendant Deutsche Bank.

11. Defendant Ocwen is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6), 32 M.R.S.A. §§ 11002(6) and 11003(7)(C).

## FACTUAL BACKGROUND

12. On or about September 30, 2005, Plaintiffs entered into a Mortgage and Note in the amount of $157,000.00 with Option One Mortgage Corporation (the "loan" or "mortgage loan") on their property located at 404 Main Street Birch Harbor, Hancock County, Maine (the "Property") which mortgage is recorded in the Hancock County Registry of Deeds in Book 4312, Page 250. (See Exhibit A).

13. Upon information and belief, on or around May 15, 2008, the Mortgage Servicing Business of Option One Mortgage Corporation was acquired by American Home Mortgage Servicing, Inc. (See Exhibit B).

14. On September 22, 2010 Plaintiffs filed a Chapter 12 bankruptcy petition in the United States Bankruptcy Court for the District of Maine, Case No. 10-11438.

15. American Home Mortgage Servicing, Inc. was listed in Debtors' schedules and matrix, and received the notice of the filing of Plaintiffs' Chapter 12 bankruptcy as evidenced on the Docket for Bankruptcy Case No. 17-11438, Document No. 1 Chapter 12 Voluntary Petition and Document No. 6 Notice of Chapter 12 Bankruptcy Case, Meeting of Creditors & Deadlines. (See Exhibit C).

16. On October 12, 2010, a proof of claim was filed that listed Defendant Deutsche Bank

National Trust Company, as Trustee for HIS Asset Securitization Corporation Trust 2006-OPTI Mortgage Pass-Through Certificates, Series 2006-OPT1 as creditor and American Home Mortgage Servicing, Inc. as the recipient for where notices and payments should be sent. (See Exhibit D).

17. The proof of claim filed by Deutsche Bank listed a secured claim on Debtors' residence in the amount of $157,257.66.

18. On October 19, 2010 and February 7, 2011, Deutsche Bank filed objections to the confirmation of Debtors' Chapter 12 Plan, as amended.

19. Following an evidentiary hearing to determine the value of the Debtors' residence, the Bankruptcy Court issued a judicial determination that the value of the Debtors' residence (the mortgaged property) was $135,000.00. (See Exhibit E).

20. On June 15, 2011, following the hearing referred to in paragraph 19 above, Deutsche Bank filed an amended proof of claim and listed the secured claim on Debtors' residence as $135,000.00 and an unsecured claim in the amount of $22,257.66. (See Exhibit F).

21. On August 31, 2011, Debtors' filed a Third Amended Chapter 12 Plan which provided for payment to Deutsche Bank to the value (or principal whichever is less) amortized over 25 years at 5% interest and for monthly payments in the amount of $789.20, for a total of $39,460.00 over the length of the plan.

22. On September 21, 2011, Deutsche Bank, through its attorney, consented to Debtors' Third Amended Chapter 12 Plan, and the plan was confirmed on September 21, 2011. (See Exhibit G).

23. On September 9, 2011, Debtors filed a Motion to Allow Claims and Motion to Avoid Liens which also addressed the claim of Deutsche Bank being paid to the value of the real

estate, $135,000.00, amortized over 25 years at 5% interest, providing for monthly payment in the amount of $789.20, for a total of $39,460.00 over the length of the plan. No objections were filed and on October 18, 2011, Debtors' Motion to Allow Claim and Avoid Liens was granted. (See Exhibit H).

24. On July 7, 2014, Deutsche Bank transferred its interest in the Proof of Claim to Ocwen Loan Servicing, LLC. (See Exhibit I).

25. On August 8, 2014, Leonard F. Morley, Jr., Esq. of Shapiro & Morley, LLC entered his appearance on behalf of Ocwen Loan Servicing, LLC. (See Exhibit J).

26. On or about October 15, 2014, Debtors received correspondence from Ocwen Loan Servicing, LLC indicating changes to Mortgage Interest Rate and Payment on 12/1/2014 in which it set forth an interest rate of 6.20000% and monthly payments of $1,124.62, such correspondence occurring approximately three years following the ordered entered confirming the Debtor's Chapter 12 plan (referenced at Paragraph 22 above) and the order allowing claims and avoiding liens (referenced at Paragraph 23 above).

27. On January 28, 2015, the Standing Chapter 12 Trustee completed and filed his Interim Report and Final Account which stated the Debtors' had made all of the required payments to the plan, which report further stated that $39,460.00 had been paid to Ocwen Loan Servicing, LLC. pursuant to the Chapter 12 plan. (See Exhibit K).

28. On February 26, 2015, Debtors were granted a discharge.

29. On March 20, 2015, after notice and hearing, and without objection by Ocwen, the Bankruptcy Court entered an Order Determining Status of Mortgage as Current and Making Permanent Loan Modifications which provided that:

> The claim will be paid to value in the amount of $135,000(or principal whichever is less) amortized over twenty-five (25) years at 5% interest. During the term

of the Chapter 12 bankruptcy, the payments, commencing on or about October 1, 2010, will be made by the Chapter 12 Trustee for 50 months. After the completion of the Chapter 12 Plan, the Debtor shall make the monthly payment directly to Ocwen Loan Servicing, LLC. The monthly payment is $789.20. The total payment to be made to the creditor by the trustee in the Chapter 12 plan is $39,460.00.

(See Exhibit L).

30. On or about February 29, 2016, Ocwen started sending correspondence to Plaintiffs demanding payment of $21,413.53 based upon a principal balance of $123,805.01. (See Exhibit M).

31. When Plaintiffs attempted to make their March 2016 payment, Defendant Ocwen returned their payment as insufficient to bring their account current.

32. Through counsel, Plaintiffs notified Ocwen's attorney that Ocwen's calculation of the amount due appeared to be in violation of the Bankruptcy Court's order of March 15, 2015 which reduced the secured portion of the claim to $135,000, and declared the mortgage to be current as of the date of the order. (See Exhibit N).

33. Notwithstanding the communication from Plaintiffs' counsel, Defendant Ocwen continued to send collection letters to the Plaintiffs in which it attempted to collect amounts that were discharged by the Bankruptcy Court.

34. In a letter dated February 17, 2017, Defendant Ocwen informed Plaintiffs' counsel that the Plaintiffs had not made payment during the period between May 1, 2013 and October 1, 2016, most of which occurred during the period that the Plaintiffs were subject to their Chapter 12 bankruptcy plan under the supervision of the Bankruptcy Court. (See Exhibit O).

35. Contrary to the statements made by Defendant Ocwen in its February 17, 2017 letter, the Standing Chapter 12 Trustee had made many of the payments that Defendant Ocwen claimed were unpaid, and, in fact, Defendant Ocwen's own internal accounting for the

Plaintiffs' account demonstrates receipt of these payments. (See Exhibit P).

36. On March 10, 2017, Deutsche Bank received an assignment of the note and mortgage from Sand Canyon Corporation formerly known as Option One Mortgage Corporation which assignment is recorded in Book 6737, Page 115 of the Hancock County Registry of Deeds.

37. Notwithstanding the notice from Plaintiff's counsel that Defendant Ocwen's calculation of the debt amount was erroneous, and thus in possible violation of the Bankruptcy Court's order of March 20, 2015, Defendant Ocwen continued to send mortgage account statements and delinquency notices to Plaintiffs in an effort to collect the debt due to Deutsch Bank which included knowingly false statements as to the amount due from the Plaintiffs on the debt.

38. In light of Defendants' apparent and ongoing violations of the Bankruptcy Court's Order, Plaintiffs, through counsel, again notified the attorneys for Defendant Ocwen by letters dated January 17, 2017 and July 19, 2017 that Defendant Ocwen was attempting to collect amounts from the Plaintiffs for debts that had been discharged in bankruptcy.

39. As recently as June 21, 2017, Defendant Ocwen sent a notice of right to cure indicating foreclosure would occur if full payment was not made to Plaintiffs in an amount that included debt that had been discharged by the Bankruptcy Court's order.

40. As recently as August 17, 2017, Defendant Ocwen sent a mortgage account statement that included an amount of debt that had been discharged by the Bankruptcy Court's order, and also threatened in writing to foreclose.

41. Upon information and belief, Defendant Ocwen has engaged in a pattern and practice of illegally attempting to collect debts that have been discharged in bankruptcy proceedings.

## COUNT ONE: VIOLATION OF THE BANKRUPTCY DISCHARGE INJUNCTION, 11 U.S.C. § 524

42. Plaintiffs incorporate paragraphs 1-41 by reference.

43. Defendant Ocwen's conduct violates the Bankruptcy Discharge Injunction, 11 U.S.C. § 524, enforced pursuant to 11 U.S.C. § 105, by intentionally ignoring the Court's Order of March 20, 2015 and by attempting to collect on the portion of the mortgage loan debt that had been modified and discharged in Plaintiffs' bankruptcy. These violations continued even after Defendant Ocwen had knowledge of the Court's orders, having been reminded on multiple occasions through counsel.

44. Defendant Ocwen's in violation of 11 U.S.C. § 524 includes, but is not limited to, sending collection notices claiming default to Plaintiffs that included debts that had been modified or discharged previously in their bankruptcy proceedings, and were not due or owing.

45. Defendant Ocwen's conduct toward Plaintiff is unfair, coercive, harassing, willful, and knowing.

46. Ocwen's letters served to coerce Plaintiffs into believe they owed more money than was due, and that they would lose their home unless they paid the full amount that Ocwen claimed that they owed.

47. Defendant Ocwen's purposeless letters delivered to Plaintiff relating to past debts and modified obligations constitute coercion and harassment in violation of the discharge injunction.

48. As detailed above, Defendant Ocwen's actions throughout its relationship with Plaintiffs, as well as in other matters, demonstrate that Defendant Ocwen engages in a

8

pattern and practice of violating the Bankruptcy Discharge Injunction.

49. As a result of the unceasing conduct and actions of Defendant Ocwen, Plaintiffs have suffered actual damages, including, but not limited to, increased emotional distress, anxiety, and frustration.

50. Defendant Ocwen's actions are unfairly coercive, harassing, and demonstrate willful and intentional violation of 11 U.S.C. § 524.

51. At all relevant times, Defendant Ocwen was acting as the agent of Defendant Deutsche Bank.

52. Defendant Deutsche Bank is liable for Defendant Ocwen's conduct as Defendant Ocwen's principal and, as the owner of the loan, for hiring Defendant Ocwen to service Plaintiffs' mortgage loan.

53. Defendants are jointly and severally liable for such violations.

Wherefore, Plaintiffs request the court to enter judgment in their favor against Defendants jointly and severally which awards Plaintiffs actual and compensatory damages, including costs and attorneys' fees, and punitive damages in this matter pursuant to 11 U.S.C. §§ 524 and 105, and such further relief as this Court deems just.

**COUNTS TWO AND THREE: VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. §§ 1692 *et seq.*, AND THE MAINE FAIR DEBT COLLECTIONS PRACTIOCES ACT, 32 M.R.S.A. §§ 11001 *et seq.* (collectively, the "FDCPA")**

54. Plaintiffs incorporate paragraphs 1-55 by reference.

55. Defendant Ocwen violated the FDCPA by falsely representing the character, amount, and legal status of the mortgage loan debt through direct written communications to Plaintiffs (15 U.S.C. § 1692e(2)(A), 32 M.R.S.A. § 11013(2)(B)(1)); (2) the use of false representations

9

and deceptive means to collect or attempt to collect on the mortgage loan debt (15 U.S.C. § 1692e(10), 32 M.R.S.A. § 11013(2)); (3) continuing to contact Plaintiffs after Plaintiffs, through counsel, disputed the amount of the debt being claimed by Ocwen; (4) engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiffs in connection with collection of the mortgage loan debt by delivering direct written communications to Plaintiff seeking payment for amounts not owed following Plaintiffs' bankruptcy discharge (15 U.S.C. § 1692d, 32 M.R.S.A. § 11013(1)); (5) communicating directly with Plaintiffs when Defendant knew that Plaintiff was represented by an attorney with respect to the mortgage loan debt, and Defendant had knowledge of the attorney's name and address (15 U.S.C. § 1692c(a)(2), 32 M.R.S.A. § 11012(1)(B)); and (6) by using unfair or unconscionable means to collect or attempt to collect on the mortgage loan debt (11 U.S.C. § 1692f, 32 M.R.S.A. § 11013(3)).

56. Defendant Ocwen's continued direct written communications to Plaintiffs regarding the portions of the mortgage loan debt that had been modified and/or discharged despite being told by Plaintiff's counsel multiple times to cease contact with Plaintiff, demonstrating that Defendant Ocwen engaged in a pattern and practice of violating the FDCPA.

57. As a result of Defendant Ocwen's actions and conduct, Plaintiffs suffered actual damages, including, but not limited to, harassment, coercion, increased emotional distress, anxiety, and other emotional and mental distress as detailed above.

58. At all relevant times, Defendant Ocwen was acting as the agent of Defendant Deutsche Bank.

59. Defendant Deutsche Bank is liable for Defendant Ocwen's conduct as Defendant Ocwen's principal and, as the owner of the loan, for hiring Defendant Ocwen to service

Plaintiffs' mortgage loan.

58.     Defendants are jointly and severally liable for such violations.

Wherefore, Plaintiffs request the court to enter judgment in their favor against Defendants jointly and severally which awards Plaintiffs actual and compensatory damages, statutory damages, punitive damages, costs and attorney's fees in this matter, and such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all claims for which a right to jury trial is available.

Dated:  February 15, 2018            /s/ Richard Silver
                                     Richard Silver, Esq., Bar No. 2604
                                     Lanham Blackwell & Baber, P.A.
                                     Attorneys for Plaintiff
                                     133 Broadway, Bangor, ME  04401
                                     (207) 942-2898
                                     rsilver@lanhamblackwell.com


Dated:  February 15, 2018            /s/ Brett D. Baber
                                     Brett D. Baber, Esq., Bar No. 3143
                                     Lanham Blackwell & Baber, P.A.
                                     Attorneys for Plaintiff
                                     133 Broadway, Bangor, ME  04401
                                     (207) 942-2898
                                     bbaber@lanhamblackwell.com